**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

TERESA SCHUSTER,

   Plaintiff,

v.                No. 2:26-cv-01759-GJF[1]

UNITED STATES,

   Defendant

**ORDER FOR AMENDED COMPLAINT AND
NOTICE REGARDING CASE MANAGEMENT**

*Pro se* Plaintiff asserts a claim against the United States pursuant to the Federal Tort Claims Act. *See* Complaint for a Civil Case, Doc. 1, filed June 1, 2026.

The Court has identified the following deficiency in the Complaint and orders Plaintiff to file an amended complaint. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

Plaintiff attached to the Complaint an eight-page, single-spaced Statement of Claims alleging facts in support of her claim. *See* Complaint at 6-13. The allegations in the Statement of

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 2, filed June 1, 2026. Plaintiff has paid the filing fee. *See* Doc. 3, filed June 1, 2026. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

Claims are not numbered. Defendant must admit or deny each allegation asserted by Plaintiff. *See* Fed. R. Civ. P. 8(b)(1)(B) ("In responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an opposing party"). For Defendant to clearly identify which allegations it admits or denies, Plaintiff must number the allegations in the amended complaint. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"); D.N.M.LR-Civ. 10.1 ("Except for footnotes and quotations, the text of all documents must be double spaced").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Plaintiff has an obligation to prosecute this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

Plaintiff also has an obligation to serve Defendant with a summons and a copy of the amended complaint. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the

2

summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service").

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure. Failure to timely file an amended complaint may result in dismissal of this case.

**SO ORDERED.**

**THE HONORABLE GREGORY J. FOURATT**
**UNITED STATES MAGISTRATE JUDGE**